IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS, | Case No. 1:09-cv-00771 LJO JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 21) |
| DERRAL G. ADAMS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's amended complaint filed July 6, 2010.

I.     **SCREENING**

       A.     **Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.      Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.      Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE AMENDED COMPLAINT

In the amended complaint, Plaintiff identifies the following as defendants to this action: (1) Castillo; (2) Miles; (3) Munoz; (4) Jones; (5) Davis; and (6) Adams. Plaintiff alleges as follows. On June 29, 2009, Plaintiff was escorted from the prison's shower facility in mechanical restraints by Defendant Castillo. At one point, Plaintiff stomped his feet in order reduce the amount of water under his feet. Plaintiff was apparently afraid of slipping and falling due to the excess water. In response to Plaintiff's actions, Defendant Castillo assaulted Plaintiff. (Doc. 21 at 4-5.)

To cover-up Defendant Castillo's assault, Plaintiff alleges that Defendants Castillo and Miles issued a false rules violation report against Plaintiff. The two defendants charged Plaintiff with "resisting staff" which required the use of force. On August 28, 2009, Defendant Munoz held Plaintiff's disciplinary hearing regarding the matter. However, Plaintiff claims that he was not provided advanced notice of the proceedings, and the disciplinary hearing was unfair and biased. As a result, Plaintiff was found guilty of battery on a peace officer. (Id. at 5-6.)

Plaintiff filed an inmate grievance contesting all of these events. However, Plaintiff's grievance and subsequent appeals were denied by Defendants Jones and Davis. Accordingly, Plaintiff has filed the instant civil rights action. Based on the above allegations, Plaintiff now claims that: (1) Defendant Castillo used excessive force against him in violation of the Eighth Amendment; (2) Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment; and (3) Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. In terms of relief, Plaintiff seeks monetary damages. (Id. at 6-8.)

### III.     DISCUSSION

####      A.     Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Plaintiff's allegations against Defendant Castillo regarding the use of excessive force are vague and conclusory. Plaintiff simply alleges that Defendant Castillo "assaulted" him. There is no indication of what amount of force Defendant Castillo used on Plaintiff, how it was applied or what injuries, if any, Plaintiff suffered as a result. Given the limited facts regarding the circumstances surrounding Defendant Castillo's use of force, Plaintiff fails to demonstrate that Defendant Castillo applied force "maliciously and sadistically" for the very purpose of causing harm. Accordingly, Plaintiff fails to state a cognizable excessive force claim.

####      B.     Due Process

#####           1. Disciplinary Hearing

The Due Process Clause prohibits state action that deprives a person of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Due Process Clause in of itself

protects only those interests that are implicit in the word "liberty." See, e.g., Vitek v. Jones, 445 U.S. 480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental institution). A state statute or regulation, however, gives rise to a protected liberty interest if it imposes conditions of confinement that constitute an "atypical and significant hardship [on the prisoner] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This requires a factual comparison between the conditions of confinement caused by the challenged action and the basic conditions of prison life. See Wilkinson, 545 U.S. at 223-24 (placement of prisoners in a highly restrictive "supermax" prison implicated a protected liberty interest); Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (no liberty interest where the conditions of the security housing unit were not materially different from those in the general population).

Here, Plaintiff fails to allege facts demonstrating that he was denied a liberty interest protected by the Due Process Clause. In particular, Plaintiff does not explain the consequences that flowed from the disputed rules violation report and subsequent disciplinary hearing. In this regard, Plaintiff fails to show how the disputed disciplinary proceedings caused Plaintiff to suffer from an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Accordingly, Plaintiff fails to state a cognizable due process claim against Defendants.[1]

2. Inmate Grievances

Plaintiff claims that Defendants Jones and Davis violated his due process rights by failing to investigate and by ultimately denying his inmate grievances. It is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or even ignores an inmate's grievance or appeals, the prison official does not deprive the inmate of any constitutional right. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals

---

[1] It is the Court's experience that when a prisoner is found guilty of battery on a peace officer, the prisoner is sanctioned with a forfeiture of good time credits. If such is the case here, Plaintiff is advised that he many not present his due process claims in a § 1983 action until the forfeiture of credits have been expunged or overturned. See Edwards v. Balisok, 520 U.S. 641, 644-48 (1997). The proper avenue for doing such would be a petition for habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances and appeals without any basis failed to show a deprivation of federal rights). Accordingly, Plaintiff's allegations against Defendants Jones and Davis fail to state a cognizable due process claim.

### C. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that he was intentionally discriminated against on the basis of his membership in a suspect class, such as race. See Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). If, however, the action in question does not involve a suspect classification such as race, a plaintiff may also establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004). Under either theory, a plaintiff must "allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Temple Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998)).

In this case, Plaintiff fails to allege any facts demonstrating that Defendants acted with discriminatory intent. There is no suggestion in the amended complaint that Defendants' actions were motivated by race or any other suspect classification to which Plaintiff may belong. Nor is there any indication that Plaintiff was treated differently from similarly situated individuals for an illegitimate purpose. As such, Plaintiff fails to state a cognizable equal protection claim.

### D. Supervisory Personnel

Lastly, the Court notes that Plaintiff fails to allege any facts with respect to Defendant Adams. Apparently Plaintiff seeks to impose liability on Defendant Adams solely based upon his supervisory role as Warden. Supervisory personnel, however, are generally not liable under § 1983 for the actions

of their employees under a theory of *respondeat superior*. Monell, 436 U.S. at 691. Thus, when a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Here, Plaintiff fails to allege any facts establishing a direct causal link between a constitutional violation and the actions of Defendant Adams. Plaintiff therefore fails to state a cognizable claim against Defendant Adams.

### E. Leave to Amend

The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file a second amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files a second amended complaint, his previous pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

### IV. CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;
2. Plaintiff is granted thirty (30) days from the date of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4.    Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated: **December 3, 2010**     /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE