IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DERRAL G. ADAMS, et al.,<br><br>    Defendants.<br>_____ / | Case No. 1:09-cv-00771 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THE DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 32) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed December 6, 2010, the Court dismissed Plaintiff's first amended complaint with leave to amend. Now pending before the Court is Plaintiff's second amended complaint filed February 2, 2011.

**I.    SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     THE SECOND AMENDED COMPLAINT

In the second amended complaint, Plaintiff sues the following individuals in their official and individual capacities: (1) Warden Adams; (2) Correctional Counselor Jones; (3) Correctional Counselor Davis; (4) Correctional Officer Castillo; (5) Sergeant Miles; and (6) Correctional Lieutenant Munoz. (Doc. 32 at 2-3.)

      Plaintiff's allegations are as follows.  On June 29, 2009, Defendant Castillo escorted Plaintiff to the prison's shower facility in mechanical restraints.  (Id. at 4.)  At one point, Plaintiff stomped his feet in order to reduce the amount of water under his feet so that he would not slip and fall.  (Id. at 5.)  In response, Defendant Castillo slammed Plaintiff onto the ground face first.  (Id. at 4.)  As a result, Plaintiff suffered physical and psychological injuries.  (Id. at 5.)

      On July 9, 2009, Defendants Castillo and Miles issued a false rules violation against Plaintiff.  (Id.)  The two defendants charged Plaintiff with "resisting staff," which required the use of force.  (Id.)  Defendant Munoz held Plaintiff's disciplinary hearing regarding the matter on August 28, 2009.  (Id. at 6.)  Defendant Munoz, however, did not afford Plaintiff a fair hearing because Plaintiff was not provided notice of the hearing and Defendant Munoz relied solely on Defendant Castillo's and Miles' conclusory allegations to find Plaintiff guilty.  (Id. at 3, 7.)  Moreover, Defendant Munoz enhanced the charges against Plaintiff, finding Plaintiff guilty of "battery on a peace officer."  (Id. at 7.)  As a result, Plaintiff's program status was adversely affected and Plaintiff was confined for additional time in the Security Housing Unit ("SHU").  (Id. at 6-7.)

      On September 10, 2009, Plaintiff filed an administrative grievance regarding this matter.  (Id. at 8.)  Defendants Jones and Davis screened-out Plaintiff's grievance at the final level of review, and as a result, Plaintiff was unable to exhaust his grievance.  (Id.)  Plaintiff maintains that Defendant Jones' actions were motivated by a desire to retaliate against Plaintiff for filing a lawsuit against other prison officials in the past.  (Id. at 9.)

      Based on the above allegations, Plaintiff claims that (1) Defendant Castillo used excessive force in violation of the Eighth Amendment; (2) Defendants Castillo, Miles, and Munoz deprived Plaintiff of a fair disciplinary hearing in violation of the Due Process Clause of the Fourteenth Amendment; (3) Defendants Jones and Davis deprived Plaintiff of his right to access the courts in violation of the First Amendment; (4) Defendant Jones retaliated against Plaintiff in violation of the First Amendment; (5) Defendant Adams failed to take measures to protect Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment; and (6) all the defendants deprived Plaintiff of his rights under Article I, Section 7 of the California State Constitution.  (See id. at 8-9, 11.)  In terms of relief, Plaintiff seeks monetary damages.  (Id. at 12-13.)

## III. DISCUSSION

### A. Eighth Amendment – Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Here, Plaintiff claims that Defendant Castillo used excessive force when he slammed Plaintiff on the ground face first. Plaintiff alleges that he was simply stomping his feet to remove excess water from under his feet so that he would not fall. Plaintiff notes that he was in mechanical restraints and posed no threat to the safety of prison officials or other inmates. Assuming these allegations to be true, the Court finds it plausible that Defendant Castillo used force "maliciously and sadistically" to cause Plaintiff harm. Hudson, 503 U.S. at 7. Accordingly, Plaintiff states a cognizable excessive force claim under the Eighth Amendment against Defendant Castillo.

### B. Fourteenth Amendment – Due Process

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then demonstrate that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989). See also McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Due Process Clause in of itself

protects only those interests that are implicit in the word "liberty." See, e.g., Vitek v. Jones, 445 U.S. 480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental institution). A state statute or regulation, however, gives rise to a protected liberty interest if it imposes conditions of confinement that constitute an "atypical and significant hardship [on the prisoner] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This requires a factual comparison between the conditions of confinement caused by the challenged action and the basic conditions of prison life. See Wilkinson, 545 U.S. at 223-24 (placement of prisoners in a highly restrictive "supermax" prison implicated a protected liberty interest).

Here, Plaintiff claims that Defendants Castillo, Miles, and Munoz violated his rights under the Due Process Clause by issuing a false rules violation report against him and then depriving him of a fair disciplinary hearing. Plaintiff, however, fails to allege facts demonstrating that these actions deprived him of a protected liberty interest. Plaintiff simply alleges that as a result of the rules violation report, he was confined in the SHU and his program status was adversely affected. These consequences do not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. See Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (no liberty interest implicated where the conditions of the security housing unit were not materially different from those in the general inmate population); Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (no liberty interest in work, training, or educational programs). See also Solomon v. Negrete, No. CIV S-10-2103 WBS GGH P, 2011 U.S. Dist. LEXIS 65956, at *7-8 (E.D. Cal. June 21, 2011) (retention in SHU, in of itself, does not implicate an inmate's constitutional rights). Accordingly, Plaintiff fails to state a cognizable due process claim against Defendants Castillo, Miles, and Munoz.

### C. First Amendment – Access to the Courts

Under the First Amendment, prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In either scenario, a plaintiff must allege actual injury. See Lewis, 518 U.S. at 351-53.

Here, Plaintiff claims that Defendants Jones and Davis deprived him of his right to access the courts by screening-out his inmate grievance. In essence, Plaintiff claims that by thwarting his attempt to exhaust his claims through the administrative grievance process, Defendants Jones and Davis have impeded Plaintiff's ability to pursue his claims in court.

Plaintiff's argument, however, is flawed. As demonstrated by the very filing of this lawsuit, it is apparent that Plaintiff has not been impeded in any way from presenting his civil rights claims to this court. Moreover, to the extent that Plaintiff argues that his claims are necessarily doomed because he was unable to exhaust his claims through the grievance process, he is mistaken. If Defendant Jones and Davis screened-out Plaintiff's claims for an illegitimate purpose, Plaintiff would be excused from his failure to exhaust administrative remedies. See Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). In that case, Plaintiff would be able to pursue all of his claims, despite the actions of the defendants. Accordingly, because there has been no actual harm to Plaintiff's ability to access the courts, Plaintiff fails to state a cognizable claim in this regard.[1] See Lewis, 518 U.S. at 351-53.

### D.  First Amendment – Retaliation

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate penological purpose. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes, 408 F.3d at 567-68).

Here, Plaintiff claims that Defendant Jones screen-out his grievance in order to retaliate against Plaintiff for filing an excessive force lawsuit against other prison officials in the past. Assuming this allegation to be true as the Court must at this juncture, the Court concludes that Plaintiff states a cognizable retaliation claim against Defendant Jones.

---

[1] The Court notes that its reasoning is consistent with the well-established principle that a prison official's failure to process an inmate's grievance, without more, is not actionable under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). See also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (an inmate has no constitutional entitlement to a specific grievance procedure).

### E. Fourteenth Amendment – Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that all persons similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that he was intentionally discriminated against on the basis of his membership in a protected class, Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005), or by showing that similarly situated individuals were intentionally treated differently for no rational basis. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004).

Here, Plaintiff claims that Defendant Adams violated his right to equal protection of the laws because the defendant failed to take reasonable measures regarding his subordinates' unconstitutional actions. Plaintiff, however, fails to allege facts demonstrating that Defendant Adams intentionally treated him differently than other similarly situated inmates. Thus, Plaintiff fails to state a cognizable equal protection claim. See Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (to pursue an equal protection claim, a plaintiff must "allege facts that are at least susceptible of an inference of discriminatory intent") (citation omitted).

### F. Supervisory Liability

It appears that Plaintiff is seeking to impose liability on Defendant Adams based upon his role as a supervisor. As the Court advised Plaintiff in its previous screening order, there is no respondeat superior liability under § 1983; a defendant holding a supervisory position is liable only for his or her own misconduct. Iqbal, 129 S. Ct. at 1948-49. A supervisory prison official may be held liable if he "participated in or directed the [constitutional] violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). There must be a sufficient causal connection between the supervisor's conduct and the alleged constitutional violation. See Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc); see also Johnson, 588 F.2d at 743-44.

Here, Plaintiff simply alleges vaguely that Defendant Adams failed to take reasonable measures to address the alleged constitutional violations. There are no facts showing personal participation by Defendant Adams in the alleged violations, nor is there any indication as to what knowledge, if any,

Defendant Adams had of the alleged violations. In other words, there are no facts demonstrating that Defendant Adams caused Plaintiff to suffer a constitutional injury. As such, Plaintiff fails to state a cognizable claim under § 1983 against Defendant Adams.

### G. California Constitutional Claims

Plaintiff seeks damages on his claims that Defendants deprived him of equal protection of the laws pursuant to Article I, Section 7 of the California Constitution. However, there is no private right of action for damages for violations of Article I, Section 7. See Katzberg v. Regents of the University of California, 29 Cal. 4th 300, 329 (2002); Javor v. Taggart, 98 Cal. App. 4th 795, 807 (2002) ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution."). Plaintiff therefore fails to state a cognizable claim in this regard.

### H. Official Capacity Claims

Plaintiff sues Defendants in both their individual and official capacities. Because Plaintiff only seeks damages from Defendants, his official capacity claims are barred by the Eleventh Amendment. See Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.") (citations omitted).

### I. No Leave to Amend

The Court will not afford Plaintiff further leave to amend. In its previous screening order, the Court advised Plaintiff of the deficiencies in his due process, equal protection, and supervisory claims. Nevertheless, Plaintiff has failed to amend his pleadings in a way that corrects these deficiencies. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court instructed the plaintiff regarding the deficiencies in his claims in its prior order). As to Plaintiff's access to the courts claims, California constitution claims, and official capacity claims, the Court finds that amendment would be futile because Plaintiff cannot allege additional facts to cure the deficiencies inherent to these claims. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted).

## IV.  CONCLUSION

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's Fourteenth Amendment due process claims Defendants Castillo, Miles, and Munoz be **DISMISSED** for failure to state a claim;

2. Plaintiff's First Amendment access to the courts claims against Defendants Jones and Davis be **DISMISSED** for failure to state a claim;

3. Plaintiff's Fourteenth Amendment equal protection claim against Defendant Adams be **DISMISSED** for failure to state a claim;

4. Plaintiff's claims pursuant to Article I, Section 7 of the California state constitution be **DISMISSED** for failure to state a claim;

5. Plaintiff's official capacity claims be **DISMISSED** for failure to state a claim; and

6. This action proceed on Plaintiff's (1) Eighth Amendment excessive force claim against Defendant Castillo in his individual capacity; and (2) First Amendment retaliation claim against Defendant Jones in his individual capacity.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 6, 2011**                                  /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE