IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>             Plaintiff,<br><br>        vs.<br><br>DERRAL G. ADAMS, et al.,<br><br>             Defendant.<br>_____/ | Case No. 1:09-cv-00771 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 50) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Castillo used excessive force in violation of the Eighth Amendment. (Doc. 32.) On January 18, 2012, Plaintiff filed a motion seeking injunctive relief restricting Defendant Castillo (and other employees) from entering the building or the area surrounding the building in which Plaintiff is housed. (Doc. 50.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24 (citation omitted). It may be awarded only upon a *clear* showing that the movant is entitled to relief. Id.

In evaluating the Winter factors, the Ninth Circuit has maintained the "sliding scale" approach.

Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this approach, "the elements of the preliminary injunction are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id. at 1049. Nevertheless, while the elements may be balanced, all four factors must be present in order to warrant injunctive relief. Id. at 1052-53.

Here, Plaintiff contends that on December 24, 2011, Defendant Castillo threatened to poison his food and that as a result, Plaintiff did not consume food from the dinner tray provided on the evening of December 24, 2011. (Doc. 50 at 6.) Subsequently, Plaintiff states that prison medical providers assured him that they would not allow Castillo to cause harm to Plaintiff and Plaintiff states that he accepted these assurances. (Doc. 50 at 6.)

Other than allegations that he will be irreparably harmed, Plaintiff has failed to address any of the elements required for a preliminary injunction. There is no showing that Plaintiff is likely to succeed on the merits of his claims[1], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities is in his favor, or that an injunction is in the public interest. Nor is Plaintiff likely able to make such a showing. Here, Plaintiff's own delay in filing the instant motion along with the absence of any further supporting facts in support of his claim, suggests Plaintiff's allegations are not plausible. Though Defendant Castillo allegedly made his threat on December 24, 2011, Plaintiff delayed in filing the instant motion until January 18, 2012, almost one month after the alleged threat was made which suggests, even accepting the truth of the allegation, that Plaintiff did not consider the threat of harm either imminent or credible. Moreover, though Plaintiff requests that Defendant Castillo and other employees "acting in concert" be similarly restricted, Plaintiff has failed to identify any of the other prison officials or employees. Finally, Plaintiff does not contend, for example, that he has been unable to consume other meals since the Defendant Castillo made this threat in December, or that Defendant Castillo poses such an immediate and lasting threat to Plaintiff's health and well being that action must be taken now. Instead, Plaintiff states that he accepted the assurances of medical providers that Defendant Castillo, in any case, would not be able to carry out his threat.

Accordingly, because Plaintiff has failed to clearly demonstrate that he is entitled to a preliminary

---

[1] The fact that the Court found Plaintiff's claims to be cognizable in its screening order pursuant to 28 U.S.C. § 1915A(a) does not equate, per se, to a finding that Plaintiff is likely to succeed on the merits of his claims.

2

injunction, it is **HEREBY RECOMMENDED** that Plaintiff's January 18, 2012, motion for injunctive relief (Doc. 50) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 24, 2012**                                        /s/ Jennifer L. Thurston
                                                                                      UNITED STATES MAGISTRATE JUDGE