IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:09-cv-00771 LJO JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 56) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On February 6, 2012, Plaintiff filed a motion for appointment of counsel. (Doc. 56) In it, Plaintiff reports that he has limited formal education and no legal education and finds is difficult to know how to proceed in this case. Id. at 4-5. He reports that he has no money to hire his own lawyer. Id. Likewise, Plaintiff reports that this case is complex and requires that he pursue complicated discovery Id. at 5. Finally, Plaintiff reports that he is afforded little time in the law library due to his housing assignment in the Special housing Unit. Id. at 4.

　　　　This is not the first time that Plaintiff has sought appointment of counsel. On April 30, 2009, Plaintiff made the same request. (Doc. 2) At that time, the Court advised Plaintiff that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298

(1989); Doc. 5. Plaintiff was advised further that only in certain exceptional circumstances may the Court request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Again, Plaintiff is reminded that to determine whether "exceptional circumstances exist, the Court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

However, the Court's review of the complaint–proceeding only as to Defendant Castillo on a claim of excessive force–is not complex. As found before, the Court continues to find that exceptional circumstances do not exist to justify appointment of counsel. Even though Plaintiff is not knowledgeable in the law and assuming that the serious allegations he has made would, if proven, entitle him to relief, this case is not exceptional. This Court has hundreds of cases just like this one on its docket. Further, at this stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. For the foregoing reasons, Plaintiff's motion for the appointment of counsel is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 7, 2012**                                   /s/ Jennifer L. Thurston
                                                                               UNITED STATES MAGISTRATE JUDGE