UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>DERRAL G. ADAMS, et al.,<br><br>        Defendants. | Case No.: 1:09-cv-00771 LJO JLT<br><br>ORDER DENYING MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY<br><br>(Doc. 62) |

Before the Court is Plaintiff's motion to compel further responses to discovery. (Doc. 62)  It appears Plaintiff seeks further responses to request for production of documents set one, number 22 (Id. at 1, 8), to request for production set two, numbers 1-8 (Id. at 11) and responses to requests for admission. Id. at 12.  In addition, Plaintiff complains that the responses that were made were not provided in a timely manner and, therefore, urges that any objections made should be deemed waived. Id. at 3.  Finally, Plaintiff seeks an award of $15,000 to compensate him for having to file this motion. Id. at 2.  For the reasons set forth below, the motion to compel is **DENIED**.

**I.    The discovery responses were timely made**

Plaintiff notes that Fed. R. Civ. P. 34 requires discovery responses to be provided within 30 days of service. (Doc. 62 at 4-5)  However, Fed. R. Civ. P. 34 also provides that this 30-day deadline applies unless "ordered by the court."  In this case, the Court issued a "Discovery and Scheduling

1

Order" which permitted the parties 45 days to respond to discovery requests. (Doc. 46 at 1) This order reads in relevant part,

> 2. Responses to written discovery requests shall be due forty−five (45) days after the request is first served;
>
> 3. To ensure that the responding party has forty−five (45) days after the request is first served to respond, discovery requests must be served at least forty−five (45) days before the discovery deadline;

Id. Therefore, Defendant's failure to respond within 30 days was not improper.

On the other hand, Plaintiff's first request for production of documents was served on January 19, 2012. (Doc. 62 at 21) Defendant provided his responses on February 14, 2012. Id. at 35. According the scheduling order, Defendant's response was required to be served no later than March 5, 2012. Thus, Defendant's response was timely. Plaintiff's "second request" for production of documents was served on March 7, 2012. Id. at 48. The deadline for responding to this discovery was April 23, 2012. Defendant provided his responses on April 23, 2012. (Doc. 63 at 3) Thus, these responses were timely. Plaintiff's request for admissions, set two, was served on March 29, 2012. Id. at 54. By this time, only 25 days remained until the expiration of the discovery period. Thus, these requests were not timely served.[1]

Because Defendant's responses to discovery were timely served, the motion to compel on this basis is **DENIED**. Moreover, because Plaintiff's requests for admissions set two were not served more than 45 days before the discovery deadline, they were not timely served and Defendant acted properly is refusing to respond. Thus, the motion to compel further responses to this discovery request is **DENIED**.

**II.    Defendant's response to request for production set one, number 22 and set two, numbers 1 through 8 were sufficient.**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. In relevant part, Rule 26(b) states:

---

[1] On April 16, 2012, counsel for Defendant wrote to Plaintiff and explained that the requests were not timely served, using the same rationale as the Court here. (Doc. 63-1 at 54) Counsel apprised Plaintiff that due to the lack of timeliness, Defendant would not respond. Id.

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In responding to discovery requests for production of documents, Defendant must produce documents which are in his "possession, custody or control." Fed.R.Civ.P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal. 1995). Such documents also include documents under the control of the party's attorney. Meeks v. Parson, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D.Cal. September 18, 2009) (involving a subpoena to the CDCR); Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ill. 1992).

On the other hand, "[a] court may refuse to order production of documents of public record that are equally accessible to all parties." 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.12[5] [b], at 34–53 (3d ed. 2011) (footnote omitted). "However, production from the adverse party may be ordered when it would be excessively burdensome . . . for the requesting party to obtain the documents from the public source rather than from the opposing party." Id. (footnote omitted).

**A.    Request number 22 of set one**

Request number 22 of Plaintiff's first request for production reads,

> Please produce any information, court documents, preliminary hearings, trial transcripts, interviews tape recordings, video tapes of any litigated matter where charges was brought against Plaintiff by Defendant that discussed the incident that took place on June 29, 2009 by Defendant Castillo.

(Doc. 62 at 32) Defendant responded,

> Objection. This request is overly broad, assumes facts without foundation, and may request information that is equally available to plaintiff. Without waiving these objections, defendant responds as follows:
>
> Defendant provides the Rules Violation Report (CDC Form 115) log number 4A2-09-06-43[2] regarding the June 29, 2009 incident.

Id. In addition, Defendant arranged for Plaintiff to view the videotape of Plaintiff's interview after the incident set forth in log number COR-04A-09-06-0340. (Doc. 63-1 at 2, 37)

On February 28, Plaintiff wrote to counsel for Defendant and pointed out that Defendant made statements at Plaintiff's criminal trial for battery on June 29, 2009. (Doc. 62 at 36) Plaintiff iterated that these statements, in their recorded form, should have been provided to him in response to the discovery. Id. Counsel explained in response that neither the Defendant nor counsel had a copy of the trial transcript and told Plaintiff that the transcript would have to be purchased. (Doc. 62 at 36) Counsel assured Plaintiff that if they obtained a copy of the transcript, they would provide a copy to him. Id.

In his motion, Plaintiff reports that he received only a copy of the rules violation report, dated June 29, 2009, with log number 4A2-09-06-43. (Doc. 62 at 8) However, he fails to indicate what other responsive documents he believes exist or why he believes they exist. Also, he fails to describe why he believes that Defendant's response was incomplete. Instead, he seems concerned about the propriety of Defendant's objections. However, because Defendant produced every document he had that was responsive to the request, the objections, in essence, are immaterial. Therefore, the motion to compel a further response to this request is **DENIED**.

**B.     Requests number 1 through 8 of set two**

Requests number 1 through 8 of Plaintiff's second request for production all seem to seek measurements and photographs of various locations and items involved in the incident on June 29, 2009. The requests read,

///

///

---

[2] It appears that the log number set forth here is incorrect in that the final digits appear to be "0340" rather than "43." (Doc. 63-1 at 37)

4

**REQUEST FOR PRODUCTION NO. 1:**
Plaintiff is asking for inspection to examine measure and photograph the prison cell Plaintiff was pushed inside where the incident occurred on June 29, 2009, Please produce these items.

**REQUEST FOR PRODUCTION NO. 2:**
Plaintiff is asking for inspection to produce examine, measure and photograph the prison cell door where Plaintiff was housed in on June 29, 2009 the day of the incident.

**REQUEST FOR PRODUCTION NO. 3:**
Plaintiff is asking for inspection to produce, examine, measure and photograph the prison cell door where Plaintiff was housed in on June 29, 2009 while the cell door is opened and closed.

**REQUEST FOR PRODUCTION NO. 4:**
Plaintiff is asking for inspection to produce examine, measure and photograph the prison housing building section shower Plaintiff showered in on June 29, 2009.

**REQUEST FOR PRODUCTION NO. 5:**
Plaintiff is asking for inspection to produce, examine, measure and photograph the prison housing building section shower Plaintiff showered in on June 29, 2009 while the shower door is opened and closed.

**REQUEST FOR PRODUCTION NO. 6:**
Plaintiff is asking for inspection to produce, examine, measure and photograph each "Foot," inch, centimeter, and meter that separated Plaintiff housing cell and the prison section shower where Plaintiff was housed at and showered in on June 29, 2009.

**REQUEST FOR PRODUCTION NO. 7:**
Plaintiff is asking for inspection to produce, examine, and photograph the outside floor area of the prison section shower where Plaintiff showered at on June 29, 2009.

**REQUEST FOR PRODUCTION NO. 8:**
Plaintiff is asking for inspection to produce, examine, measure and photograph the prison housing building section shower floor mat that was placed in front of the shower on June 29, 2009 where Plaintiff showered at on that date.

As to each request, Defendant made objections but then reported that "There are no responsive documents." (Doc. 62-1 at 57-60)

Dissatisfied with these responses, on April 9, 2012, Plaintiff wrote to counsel for Defendant and noted that Defendant failed to produce the photographs requested. (Doc. 62 at 55) Plaintiff clarified that he "ask[ed] for pictures to be taken inside the prison facility where Plaintiff is housed . . ." Id. Plaintiff expressed his understanding that production of the photographs could pose a security risk to the prison and proposed that the parties enter into a protective order to ensure that the photos were used only in connection with the current litigation. Id.

Though a protective order is the proper mechanism for dealing with confidential matters, in this case, there are no photographs to protect.  Plaintiff seems to believe that Defendant was obligated to create this evidence for him.  However, this is not Defendant's obligation.  Instead, as noted above, Defendant's obligation was only to produce that information within his possession or control.  Therefore, the motion to compel is **DENIED**.

**ORDER**

Based upon the foregoing, the motion to compel (Doc. 62) is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 24, 2012**               /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE