UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-00771 - LJO – JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 68) |

D. Castillo ("Defendant" or "Officer Castillo") seeks summary judgment and dismissal of the action pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 68). Plaintiff Leon Hawkins ("Plaintiff") filed an opposition to the motion (Doc. 71), to which Defendant replied on July 16, 2012 (Doc. 73). For the following reasons, the Court recommends Defendant's motion for summary judgment be **DENIED**.

**I.    PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a complaint for civil rights violations on April 30, 2009. (Doc. 1). Plaintiff requested voluntary dismissal of the action, and the action was dismissed on July 17, 2009. (Docs. 10, 11).

On July 23, 2009, Plaintiff filed a motion to reopen this case, explaining he did not wish to dismiss the claims. (Doc. 13). Plaintiff reported that he filed two complaints on April 30 and May 11, 2009, and the Court assigned separate case numbers for each complaint. However, Plaintiff asserted

1

1  the claims in each complaint were the same, and expressed concern that his claims were dismissed.
2  Therefore, the Court reviewed Plaintiff's complaints in Case Nos. 1:09-cv-00771-LJO-SMS and 1:09-
3  cv-00826-AWI-SMS, and determined the complaints appeared to be exact copies of the same
4  document, with the exception of the proofs of service. (Doc. 14). Accordingly, the Court dismissed
5  the second complaint and granted Plaintiff's request to re-open the matter on July 28, 2009. (Doc. 14).
6       On July 6, 2010, Plaintiff filed a First Amended Complaint (Doc. 21). Because Plaintiff
7  requested to proceed *in forma pauperis*, the Court screened the complaint pursuant to 28 U.S.C. §§
8  1915A(b) and 1915(e)(2). The Court dismissed Plaintiff's complaint with leave to amend (Doc. 27),
9  and Plaintiff filed his Second Amended Complaint on January 3, 2011. (Doc. 32). Reviewing the
10 factual allegations, the Court found Plaintiff stated cognizable claims against defendants Castillo and
11 Jones in their individual capacities. (Doc. 33). Accordingly, the Court dismissed the remaining
12 defendants on August 5, 2011, and the action proceeded on the following claims in the Second
13 Amended Complaint: (1) excessive force by Defendant Castillo and in violation of the Eighth
14 Amendment and (2) retaliation by Defendant Jones in violation of the First amendment. (Doc. 34).
15      On January 1, 2012, Plaintiff filed a motion to dismiss defendant Jones from the action. (Doc.
16 48). Plaintiff's motion was granted on March 21, 2012. (Doc. 61). Therefore, only defendant Castillo
17 remains in this action. On May 31, 2012, Defendant filed the motion for summary judgment now
18 pending before the Court. (Doc. 68). Plaintiff filed a brief in opposition and statement of disputed
19 facts on July 9, 2012. (Docs. 71-72). Defendant filed a brief in reply, and summary of the disputed
20 and undisputed facts on July 16, 2012. (Docs. 73-74).
21 **II.     STANDARDS FOR SUMMARY JUDGMENT**
22      The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order
23 to see whether there is a genuine need for trial." *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio*
24 *Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is
25 "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."
26 Fed. R. Civ. P. 56(a). Summary judgment should be entered, "after adequate time for discovery and
27 upon motion, against a party who fails to make a showing sufficient to establish the existence of an
28

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). The party seeking summary judgment demonstrates it is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to identify "a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citing *Anderson*, 477 U.S. at 257 (1986)) (emphasis in the original); *see also* Fed R. Civ. P. 56(e). The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits. *Matsuhita*, 475 U.S. at 586 n.11; Fed. R. Civ. P. 56(c). Thus, an opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsuhita*, 475 U.S. at 587.

The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.   PROTECTIONS OF THE EIGHTH AMENDMENT

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102, (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976)). The Eighth Amendment proscribes a freedom from cruel

and unusual punishment, which protects prisoners from the use of excessive physical force. *Clement v. Gomez*, 298 F.3d 989, 903 (9th Cir. 2002); *U.S. Constitution, amend. VIII*. When prison officials are accused of excessive force, the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The malicious and sadistic use of force by prison officials to cause harm always violates contemporary standards of decency. *Id.* at 9.

## IV.    DISCUSSION AND ANALYSIS

### A.    Excessive Force

The Supreme Court explained that the Eighth Amendment is not implicated by "every malevolent touch by a prison guard." *Hudson*, 503 F.3d at 9 (citing *Johnson v. Glick*, 481 F. 2d 1208 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")). Factors the Court may consider to determine whether a prison guard used excessive force include (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. *Id.* at 7 (citing *Whitley*, 475 U.S. at 321).

Here, Defendant contends he is entitled to summary judgment because the force exerted was reasonable to prevent an assault and control Plaintiff. (Doc. 68 at 11). It is undisputed that Plaintiff was housed in the Security Housing Unit at California State Prison-Corcoran on June 29, 2009 when Officer Castillo escorted Plaintiff from the shower to his cell. Officer Castillo reports that after Plaintiff showered, he put handcuffs on Plaintiff to escort him back to the cell. (Castillo Decl. ¶ 9, Doc. 68-2 at 2). According to Officer Castillo:

> During the escort, I held Hawkins' left bicep with my right hand. I immediately noticed Hawkins was very stiff and had his arm flexed, and when he exited the shower, he used his body weight to push toward me. When inmate Hawkins was in front of his cell, Hawkins suddenly stomped both his feet and spun his body toward me, with great force.

(*Id.*, ¶¶ 10-11). Defendant reports that he feared that Plaintiff was going to assault him, and "used both hands to push [Plaintiff] away." (*Id.* ¶ 11). Defendant states Plaintiff "lost his footing" when he

1  was pushed, and Plaintiff "fell to the ground inside the cell, hitting the left side of his body and then
2  his head on the cell floor." (*Id.*)

3  On the other hand, Plaintiff provided a declaration, under penalty of perjury, in which he
4  reports Officer Castillo "grabbed [Plaintiff's] left-upper arm with his right hand in a very aggressive
5  manner." (Hawkins Decl. ¶ 2, Doc. 71 at 12). According to Plaintiff, he was wearing "flip-flop
6  shower shoes" that caused him to slip "because they were wet and . . . the floor is very slippery." *Id.*
7  Plaintiff reports:

> [A]s I was approaching my cell, I stomped my right-foot, and then my left-foot for the sole purpose of getting the excess water off the flip-flop-shower shoes. Because I stomped my feet to get the excess water off my flip-flop-shower-shoes, Defendant Castillo without a warning slammed me against my cell door. Then placed his hands in my back and with all of his might, pushed me so hard that my flip-flop-shower shoes came off and I fell inside of my cell face first.

12  *Id.* As a result, Plaintiff contends Officer Castillo exerted excessive force in the course of the escort.
13  (Doc. 71 at 6-7).

14  Consequently, the parties provide conflicting stores regarding the events that occurred during
15  the escort from the shower to Plaintiff's cell. Defendant asserts Plaintiff acted in an aggressive
16  manner causing him to fear an attack (Castillo Decl. ¶ 11), while Plaintiff contends he did not give
17  Defendant any reason to perceive him as an immediate threat (Hawkins Decl. ¶ 2). Defendant urges
18  the Court to find that the evidence, including the declarations of others who corroborate his statement
19  that Plaintiff acted in an aggressive manner, demonstrates the use of force was reasonable under the
20  circumstances. However, the Supreme Court explained that summary judgment does not authorize
21  "trial on affidavits." *Anderson*, 477 U.S. at 225.

22  In resolving a motion for summary judgment, "the court does not make credibility
23  determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984
24  (9th Cir. 2007); *see also Anderson*, 477 U.S. at 225 ("Credibility determinations, the weighing of
25  evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a
26  judge . . . ruling on a motion for summary judgment"). Rather, "the evidence of the nonmovant is to
27  be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.
28  Accordingly, the statements made by Plaintiff that he did not act in an aggressive manner toward

1 Officer Castillo are to be believed, and the Court cannot weigh his statement against the evidence
2 presented by Defendant in support of his motion for summary judgment.

3 Significantly, if Plaintiff did not use his weight to push toward Officer Castillo or spin his body
4 toward Officer Castillo in a forceful manner, Defendant's perception of a threat alone is insufficient to
5 justify the use of force. *See Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001) ("[a] simple
6 statement by an officer that he fears for his safety or the safety others is not enough; there must be
7 objective factors to justify such a concern"). Whether Plaintiff acted in an aggressive manner is a
8 factual dispute that must be resolved by a jury. Thus, there is a genuine dispute of material fact. *See*
9 *Celotex,* 477 U.S. at 323. Therefore, Defendant is not entitled to summary judgment on this claim.

### B. Qualified Immunity

Qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The threshold inquiry is whether the facts alleged, when taken in the light most favorable to the plaintiff, show the defendant violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If there is a constitutional violation, "the next sequential step is to ask whether the right was clearly established." *Id.* Finally, the right must be so "clearly established" that "a reasonable official would understand that what he is doing violates that right." *Id.* at 202; *see also McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000) ("The test for qualified immunity is: (1) identification of the specific right being violated; (2) determination of whether the right was so clearly established as to alert a reasonable officer to its constitutional parameters; and (3) a determination of whether a reasonable officer would have believed that the policy or decision in question was lawful").

Defendant argues he is entitled to qualified immunity "because he reasonably believed his actions as a Correctional Officer were lawful." (Doc. 68 at 14). Defendant explains he "acted to stop inmate Hawkins from assaulting him, after [he] flexed his arm, stomped his feet, and aggressively

6

turned toward Officer Castillo." (*Id.* at 14-15). However, as explained above, the facts viewed in the light most favorable to Plaintiff demonstrate a violation of the Eighth Amendment. It is a clearly established violation of the Constitution when an officer uses unlawful force against a prisoner. *See Hudson*, 503 U.S. at 9. Given the factual disputes, Defendant is not entitled to qualified immunity on Plaintiff's claim for excessive force.

## V. FINDINGS AND RECOMMENDATIONS

Whether Plaintiff acted aggressively and spun toward Officer Castillo in the course of the escort are facts that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Accordingly, Defendant failed to meet his initial burden to demonstrate the absence of a genuine issue of material fact, and he is not entitled to summary judgment. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). Further, Defendant is not entitled to qualified immunity, because no reasonable officer could believe the use of force was permitted if there was no threat to his safety or the safety of others. *Hudson*, 503 U.S. at 6-7.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant's motion for summary judgment (Doc. 68) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within 14 days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 10, 2012**            /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE

7