UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS, <br><br> Plaintiff, <br><br> v. <br><br> DERRAL G. ADAMS, et al., <br><br> Defendants. | Case No.: 1:09-cv-00771 – LJO JLT (PC) <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL <br><br> (Doc. 77). |

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint and initiated this action on March 2, 2011. (Doc. 1.)

  On September 24, 2012, plaintiff filed his third motion to appoint of counsel. As before, Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Plaintiff is aware, based upon his prior motions to appoint counsel, that in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

  The Court has also informed Plaintiff in its previous orders that without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious

and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has not found exceptional circumstances previously in Plaintiff's case and does not find such circumstances now. (Docs. 5 and 58). Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. While Plaintiff has successfully defeated Defendants' recent motion for summary judgment, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Plaintiff asserts he is unaware of further action he needs to take to move forward with his case. (Doc. 77). However, as Plaintiff's matter draws nearer to trial, this Court will issue an Order which will set forth the documents Plaintiff will need to prepare and submit prior to trial and will provide instruction. Based on a review of the record in this case, Plaintiff has shown he is able to respond to Court orders, meet court deadlines, and adequately articulate arguments to support his claims. Thus, the Court finds no reason to believe Plaintiff will be unable to continue to do so in preparation for and at trial.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 26, 2012**             **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE