IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DERRAL G. ADAMS, et al.,<br><br>    Defendants. | Case No. 1:09-cv-00771 LJO JLT (PC)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR APPEARANCE OF INCARCERATED WITNESSES AND PRETRIAL STATEMENT**<br><br>(Doc. 83) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On November 1, 2012, Plaintiff filed a motion requesting a 30-day extension of time to file his motion for the appearance of incarcerated witnesses at trial and his pretrial statement. (Doc. 81) The Court granted the extension of time and reset the applicable dates. (Doc. 82)

On November 30, Plaintiff filed a similar motion for a 30-day extension of time. (Doc. 83) Plaintiff states that he needs still more time to obtain witness declaration and the assistance of counsel to represent him during his telephonic pretrial conference and trial confirmation hearing. (Id. at 1)

Plaintiff offers no new justification for the delay. His motion seeking court-appointed counsel was denied September 26, 2012. (Doc. 79) Plaintiff gives no indication why an

additional thirty days in his search for an attorney will yield a different result than the period between the September 26, 2012 service of the Court's order denying Plaintiff's motion to appoint counsel and the scheduled trial confirmation hearing previously reset by the Court to January 9, 2013.  Likewise, he does not recount his efforts to obtain counsel in the three years that this matter has been pending and does not explain any renewed efforts to this end.

Moreover, though Plaintiff indicates that he wishes to use the time to obtain declarations from the prospective inmate witnesses (Doc. 83 at 2), the Court's order allowed Plaintiff to seek the appearance of inmate-witnesses based upon his own declaration setting forth the expected testimony from each witness and the witness' willingness to testify  (Doc. 81 at 2 ["[T]he party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness."])   Therefore, given that there is no need for Plaintiff to obtain the declarations he seeks, the request for the continuance is unsupported.

**ORDER**

Therefore, good cause not appearing, the Court **ORDERS:**

1.   Plaintiff's request to continue the pretrial conference is **DENIED;**

2.   If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff **SHALL** serve and file a motion for attendance of incarcerated witnesses as described in the Court's order (Doc. 81) on or before **December 21, 2012**.  Defendants SHALL file their opposition, if any, no later than **January 4, 2012**.

3.   No other changes to the deadlines set forth in the Court's November 1, 2012 order (Doc. 81) are authorized.

IT IS SO ORDERED.

Dated:   **December 7, 2012**                              /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE