IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>DERRAL G. ADAMS, et al.,<br><br>        Defendants. | Case No. 1:09-cv-00771 JLT (PC)<br><br>ORDER GRANTING IN PART MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(Doc. 86)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF R. MILES IF PLAINTIFF PAYS WITNESS FEES AND MILEAGE<br><br>(Doc. 85) |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for attendance of incarcerated witnesses. (Doc. 86) In the motion, Plaintiff seeks to have one inmate-witness transported for trial; inmate Langston, CDCR# D56567. Defendant opposes the motion because he contends that there is no showing that Langston has expressed a willingness to testify or that he can contribute meaningful to resolution of the issues.

      In addition, Plaintiff moves the Court for an order compelling Sergeant R. Miles to attend trial. Defendants do not oppose this motion *if* Plaintiff pays the witness fee and his mileage as the

Court ordered.[1] (Doc. 80 at 2)

For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion for attendance of the incarcerated witness.  Also, the Court **DENIES AS MOOT** the motion related to Sergeant Miles because Defendant's counsel will produce this witness without need for service of a subpoena *if* Plaintiff pays the witness fees and the amount to cover the witnesses' travel costs.[2]

**I.     Background**

This action is proceeding on Plaintiff's second amended complaint filed February 2, 2011. (Doc. 32)  The events at issue in this action occurred at the Corcoran State Prison on June 29, 2009. Id. at 3.

On that date, Plaintiff alleges Defendant used excessive force while escorting him from a shower cell. Doc. 32 at 3.  Plaintiff alleges that when he exited the shower cell, he stomped his feet to removed excess water to prevent him from slipping. Id.  Plaintiff alleges that in response, Defendant slammed him face first onto the floor, which caused him personal and psychological injuries. Id. at 4.

Along with his motion, Plaintiff submits a declaration from inmate Langston.[3] (Doc. 86 at 6)  Langston asserts he saw Defendant roughly yank Plaintiff from the shower cell, which caused Plaintiff to slip. Id.  Next, he saw Castillo push Plaintiff "real hard in the back" and heard a thump. Id.  A few minutes later, he saw the floor officers escort Plaintiff away. Id.

On September 27, 2012, the Court issued its second scheduling order.  (Doc. 80)  This order required Plaintiff to file a request to have incarcerated witnesses transported, if he wished to do so. Id. at 2-3.  For each inmate-witness, Plaintiff was required to demonstrate the person had personal knowledge of the events at issue and either that the witness is willing to testify or he is not. Id.

---

[1] At the hearing, Defendant's counsel agreed to produce Sgt. Miles if the witness fees and mileage are paid in advance.

[2] Notably, payment of these fees is required whether a subpoena is served.

[3] Oddly, inmate Langston fails to include his first name on the declaration.  However, the CDCR Inmate Locator indicates that the inmate assigned to CDCR # D56567 is Heath Edward Langston and he is currently housed at Kern Valley State Prison.  Much of this information is confirmed by Defendants.  (Doc. 90-2 at 1)

2

**II.     Analysis**

Defendant argues that Langston offers nothing toward the resolution of the case. (Doc. 90 at 2) To the extent that it is undisputed that Castillo pushed Plaintiff, the Court agrees that Langston's testimony adds nothing on that topic. Id. However, Langston also attests that he saw Castillo "rough[ly] yank" Plaintiff's arm. (Doc. 86 at 6) This could support Plaintiff's claim that he did not take any aggressive or resistive action and, instead, it was Defendant who used unnecessary force from the outset of the contact.

Unlike in Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 501 (1995), where the plaintiff refused to describe his inmate-witness' testimony, here, Langston's declaration, while sparse, sets forth a basis for his personal knowledge of certain facts which may be important to this case. Thus, the Court cannot find that Langston's testimony would not further resolution of the matter.

On the other hand, Defendant submits information that Langston is a significant security risk. (Doc. 90 at 2-3) Defendant asserts that Langston is a man of violence, having been incarcerated since at least 1988 due to a conviction for attempted murder of a peace officer while attempting a "prison break" of another inmate. (Doc. 90 at 2) Langston is serving a term of life and, due to 40 rules violations, of which 21 involved acts of violence--4 against peace officers--he is classified as a maximum security inmate. Id. The evidence demonstrates that the CDCR considers Langston to be a serious risk to the safety of others and, due to the number of officers needed to transport him to court, the cost for the one-day trip is not inconsequential. Id. On the other hand, impliedly, the CDCR is concerned about security risks posed by transporting Langston to a specified location on a publicly known date, presumably due to escape risks. Id. Though Defendant fails to detail the dates on which these rules violations occur such that the Court can evaluate the recency of Langston's problematic conduct, his security classification score supports the claim that he remains a current security risk.

Compounding this situation is the fact that Plaintiff makes no representation whether Langston has agreed to testify in this case. The declaration Langston signed does not so indicate and, though this litigation was initiated in April 2009, the original complaint—filed two months

*before* the subject incident—was completely unrelated to it, though it raised a similar incident against a different correctional officer. Thus, there is no way to infer that Langston was even aware that he could be or would be called to testify or that he is now willing to do so.

However, the Federal Rules of Civil Procedure permit testimony in open court from a different location "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed.R.Civ.P. 43(a); Beltran–Tirado v. Immigration and Naturalization Services, 213 F.3d 1179, 1186 (9th Cir.2000). Due to the significant expense and security risk of producing Langston at trial, the Court finds compelling circumstances to require the testimony of Heath Langston by video conference. Accordingly, Plaintiff's motion for the attendance of Inmate Manuel Perez at trial shall be granted in part. Though Langston will be produced at trial, it shall occur via video conference.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for attendance of incarcerated witness (Doc. 86) is **GRANTED IN PART**. The Court will issue herewith a writ ad testificandum for the production of inmate Heath Langston, CDCR # D56567, for testimony via video conference at the time of trial. Counsel for Defendant **SHALL** ensure the CDCR conducts a test of the compatibility of the CDCR's video conferencing system with the Court's system. Counsel or a representative of the CDCR, **SHALL** contact Courtroom Deputy Clerk, Irma Munoz (Imunoz@caed.uscourts.gov), **no later than April 12, 2013** to arrange this test;

2. In light of Defendant's willingness to produce Sergeant Miles without a subpoena, Plaintiff's motion for attendance of incarcerated witness (Doc. 85) is **DENIED as MOOT.** However;

   A. No later than January 25, 2013, Defendant's counsel **SHALL** provide Plaintiff a letter detailing the amount of witness fees and mileage costs due;

   B. Plaintiff **SHALL** provide the witness fees and mileage amount to Defendant's counsel so that it is received no later than March 15, 2013;

   C. If the witness fees and mileage costs are received by March 15, 2013,

4

Defendant **SHALL** produce Sergeant Miles on the first day of trial.  If the witness fees and mileage are not received by March 15, 2013, Sergeant Miles will not be produced.

IT IS SO ORDERED.

Dated:   **January 9, 2013**                                     **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE