UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. BAER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-00771 - LJO - JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION REGARDING PAYMENT OF WITNESS FEES<br><br>(Doc. 98) |

On February 14, 2013, Plaintiff filed a motion seeking permission to direct the payment of witness fees to the Court rather than directly to the witness. (Doc. 98). In addition, Plaintiff asserts the witness fee requested by Defendants' counsel, Ms. Coleman, "is well out of the range to produce one witness for trial." *Id.* at 2.

Ms. Coleman informed Plaintiff a total of $832.10 was due for the appearance of Sgt. Miles at the trial. (Doc. 98 at 6). The fee was broken down as follows:

```
139 miles roundtrip from Miles' residence to Fresno at .56.5/mile    $78.54
Salary for one day of trial                                          $478.56
Witness Fee for Peace Officer Pursuant to AB 2612                    $275.00
```

*Id.* Ms. Coleman requested the check be "made payable to Sgt. R Miles" and mailed to her. *Id.* She reported that if the check was received in a timely manner, Sg.t Miles would be produced at trial. *Id.*

As Plaintiff asserts, the amount identified by Ms. Coleman is excessive. Under the Federal Rules of Civil Procedure, an incarcerated witness who refuses to testify voluntarily must be served

1

with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the presence of the witness must "tender[] the fees for 1 day's attendance and the mileage allowed by law." *Id.* The fees for a day's attendance are not the salary of the witness, but are set by statute under 28 U.S.C. § 1821, which provides: "A witness shall be paid an attendance fee of $40 per day for each day's attendance."

In addition, Ms. Coleman seeks witness fees "pursuant to AB 2612," which increased the fees for a party to subpoena a public employee as provided in Cal. Gov't Code § 68097.2. However, at the pre-trial hearing, Ms. Coleman reported she would produce Sgt. Miles "without need for service of a subpoena Plaintiff pays the witness fees and the amount to cover the witnesses' travel costs." (Doc. 91 at 2). Accordingly, Sgt. Miles is not entitled to be compensated for the cost of a subpoena.

Finally, the Court has instructed Plaintiff to provide the funds payable to Sgt. Miles as instructed by Ms. Coleman. (*See* Doc. 80 at 4) (instructing Plaintiff to "submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00"). Plaintiff has not explained why he seeks to make this payment to the Court rather than send the witness fees to Ms. Coleman as the parties arranged.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1; Plaintiff **SHALL** pay witness fees in the amount of $118.54 (including $40.00 for the daily fee and $78.54 in mileage) for the production of Sgt. Miles as a witness;

2. Plaintiff's request to make the payment to the Eastern District Court is **DENIED**; and

3. Plaintiff **SHALL** submit the witness fee payment to Ms. Coleman on or before March 15, 2013.

IT IS SO ORDERED.

Dated:   **February 26, 2013**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE