IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-00771 LJO JLT (PC)<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>(Docs. 100, 106, 107, 112) |

Before the Court are the motions in limine filed by Plaintiff and Defendant Castillo (Docs. 100, 106, 107), and a request for clarification by Plaintiff. (Doc. 112)

**I.     Background**

The events at issue in this action occurred at the Corcoran State Prison on June 29, 2009. (Doc. 32 at 3) On that date, Plaintiff alleges Defendant used excessive force while escorting him from a shower cell. Id.  Plaintiff alleges that when he exited the shower cell, he stomped his feet to removed excess water to prevent slipping.  Id.  Plaintiff alleges that in response, Defendant slammed him face first onto the floor, which caused him personal and psychological injuries.  Id. at 4.

**II.    Legal Standards**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the

1

practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  The Ninth Circuit explained motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).  Likewise, the Seventh Circuit found motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

Generally, motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. See Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).  A court "is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).  Therefore, the Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. Sperberg, 519 F.2d at 712.

### III.   Plaintiff's Motion in Limine

#### A.   Motion to exclude evidence of Plaintiff's criminal history and prior bad acts

Plaintiff seeks to preclude Defendants from introducing evidence of his criminal history and the acts which have caused his placement in segregation. (Doc. 100)  Plaintiff does not describe the prior bad acts nor does he identify what he believes is the problematic criminal history. Nevertheless, Plaintiff argues that this information has no probative value and the danger of unfair prejudice is significant.  Plaintiff fears that the jury will learn that he is serving a prison sentence.[1]

Though Defendant files a statement of non-opposition, indeed, Defendant has significant opposition to the motion.  First, Defendant contends that the fact that Plaintiff is a convicted felon is admissible and objects that information contained in Plaintiff's Inmate Segregation File—to the

---

[1] Notably, Plaintiff's claim arises under the Eighth Amendment which requires Plaintiff to prove he was a convicted prisoner at the time of the events.

2

extent this information was known to Castillo before the incidents at issue-- bore on his decision-making when using force and is, therefore, admissible. Likewise, Defendant contends that one of Plaintiff's prior bad acts involved Plaintiff's battery on Castillo. Defendant claims this knowledge also bore on Defendant's decision to use force.

Whether evidence of a conviction will be admitted is governed by Federal Rules of Evidence 609(a), which provides in relevant part,

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1)  for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; . . .

Generally, a conviction will not be admitted if more than 10 years have passed since the time the inmate was released from confinement on the charge. However, the 10-year presumptive bar does not apply if the witness remains in custody for the charge at issue. Nevertheless, in either situation, a conviction may not be admitted if its probative value is outweighed by its prejudicial effect. Fed. R. Evid. 609(b).

Defendant reports Plaintiff is serving a term of 25-years-to life for second degree murder and a consecutive term of 30 years for battery on a peace office. (Doc. 106 at 3) Thus, the convictions are admissible under Fed. R. Evid. 609(a). Nevertheless, Defendant does not seek to introduce any details about these offenses and, instead, seeks to introduce only that Plaintiff is a felon. Therefore, to this extent the motion is **GRANTED**. Defendant may introduce that Plaintiff is a convicted felon for the purpose of attacking Plaintiff's credibility.

On the other hand, the motion is **DENIED** to the extent that Defendant will be permitted to testify as to the information he knew about Plaintiff's prison conduct *if he first shows* this information bore on Defendant's decision to use force due to the threat Castillo perceived Plaintiff posed. Defendant's presentation of this evidence SHALL be measured and limited and SHALL NOT explore in detail the circumstances of the underlying events.

///

**IV.   Defendant's Motions in Limine**

    **A.   Motion to require Plaintiff to be shackled during trial**

Defendant moves the Court for an order requiring Plaintiff to be shackled during trial. (Doc. 106) Defendant cites Plaintiff's commitment offense—second degree murder—and his subsequent acts of violence while in prison and the fact he has a history of gang involvement as evidence of the danger he poses. (Doc. 106 at 3)

As is the Court's policy, Plaintiff will remain shackled during trial under his skirted-table. He will be permitted to have his hands unshackled unless he demonstrates he is unable to conform his conduct to that required in court. Therefore, Defendant's motion is **GRANTED**.

    **B.   Motion to exclude reference to the "Code of Silence" and the "Green Wall"**

Defendant seeks an order excluding any reference to the terms "code of silence" and "green wall." Defendant argues that Plaintiff's claims that false reports were filed in this case have been screened out and are no longer at issue in this litigation. Instead, the only remaining issue is whether Castillo used unlawful force on Plaintiff. Castillo argues there is no evidence he is connected to any conspiracy of silence and introducing this evidence would be unfairly prejudicial and would not shed any light on the underlying issue.

"Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. Evidence that is not relevant is not admissible. Fed.R.Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

Here, the only issue to be decided by the jury is whether Castillo used excessive force on Plaintiff when escorting him from the shower cell. Testimony or arguments regarding the "Code of Silence" or "Green Wall" would have no pertinence in determining whether Castillo used force maliciously and sadistically for the purpose of causing harm or in a good faith effort to restore order. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986).

Though Castillo will likely offer the testimony of other officers on the scene, the fact that their versions disagree with Plaintiff's—assuming they do—is insufficient to justify introduction of evidence that the testimony is due to a code of silence. No evidence has been produced that the conspiracy described by the "green wall" or the "code of silence" exists or that Castillo has any association with the alleged conspirators. Any such evidence would cause confusion regarding the issues to be decided and would mislead the jury. Also, presentation of this evidence would require a trial-within-a-trial to determine if such a conspiracy exists which would require an undue use of time. Finally, the proposed testimony would likely result in unfair prejudice to Castillo. Thus, the Court finds that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

Plaintiff may argue that correctional officers who testify and support Castillo's version are biased or are not truthful because of their work relationship or their friendship. In all other respects, Defendant's motion in limine is **GRANTED**. There will be no testimony or argument regarding the "code of silence" or the "green wall."

### III.  Plaintiff's request for information from Defendant's counsel

Plaintiff reports that a friend sent the money to cover the cost of mileage for the unincarcerated witness, Sgt. Miles, to Defendant's counsel on March 4, 2013. (Doc. 112) However, Plaintiff complains he has not heard whether there is any dispute that the payment was received in a timely manner. The Court has not received any complaint in this regard or any motion to exclude Sgt. Miles. Consequently, the Court and has no reason to doubt Sgt. Miles will be produced at trial.

**ORDER**

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion in limine (Doc. 100) to exclude evidence of his prior felony convictions and prior bad acts is **DENIED** to the extent that the fact he is a convicted felon may be introduced. Likewise, Defendant may introduce evidence known to Castillo at the time he is alleged to have used the force to the extent he first shows this information bore on his decision to use force based upon his perception of the danger Plaintiff's instant conduct posed;

2. Defendant's motion in limine (Doc. 106) to require Plaintiff to be shackled during trial is **GRANTED**;

3. Defendant's motion in limine (Doc. 107) to preclude the introduction of evidence regarding the "green wall" or the "code of silence" is **GRANTED**;

4. Plaintiff's request for clarification (Doc. 112) of whether Sgt. Miles will testify is provided as set forth above.

IT IS SO ORDERED.

Dated:   **April 10, 2013**                      **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE