UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.<br><br>　　　　Defendants. | Case No.: 1:09-cv-00771 – LJO – JLT (PC)<br><br>ORDER GRANTING IN-PART DEFENDANT'S EX PARTE REQUEST TO MODIFY THE WRIT AD TESTIFICANDUM FOR INMATE HEATH LANGSTON<br><br>(Doc. 127 |

Plaintiff Leon Hawkins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on February 2, 2011, against Defendant Castillo for the excessive use of force in violation of the Eighth Amendment. (Doc. 32). Before the Court is Defendant's Ex Parte Request to Modify or Vacate Writ Ad Testificandum for Inmate Heath Langston. (Doc. 127). In the motion, Defendant reports that videoconferencing equipment is unavailable on the date of the trial. Id. at 1. Defendant requests that the Court require Heath Langston's physical presence at trial or, in the alternative, that the Court vacate the witness' appearance due to his "lack of recollection about the incident." Id. at 1-2.

For the reasons set forth below, the Court **GRANTS IN-PART** Defendant's ex parte request to

1

modify the writ ad testificandum.

**I.     Background.**

On June 29, 2009, Plaintiff was housed in California State Prison – Corcoran's Security Housing Unit. (Doc. 75 at 4-5).  On that same day, Plaintiff alleges Defendant Castillo escorted Plaintiff from the shower back to his cell. Id.  While walking back to his cell, Defendant Castillo used force against Plaintiff. (Docs. 115 and 116).

As ordered, Plaintiff timely requested Langston's appearance at trial. (Doc. 86).  Plaintiff indicated that Langston was a witness to the altercation between Defendant Castillo and Plaintiff. Id.  Plaintiff also submitted a sworn declaration that was purportedly signed by Inmate Langston. Id.

The Court notes that Defendant initially opposed Langston's physical appearance at trial, citing "significant security" risks created thereby. (Doc. 90 at 2-3).  Thus, the Court denied Defendants' request that Langston be precluded from testifying and, instead ordered Langston's appearance via video conference. Id; (Doc. 91).  Shortly thereafter, Kern Valley State Prison officials indicated that they could not ensure that Langston's appearance via video conferencing, apparently as additional reason the Court should refuse to allow Langston's testimony in any form, causing the Court to order Inmate Langston's physical appearance at trial. (Doc. 96).

Prison officials later informed the Court that they possessed video equipment that could be used at trial for Langston's testimony. (Doc. 103).  The Court *again* modified the writ to permit Langston's appearance at trial via video conference. (Docs. 103 and 104).  Subsequently, on *Defendant's* motion, the trial originally scheduled for April 30, 2013, was reset for June 25, 2013. (Doc. 121).

Defendant now reports that the "videoconference equipment is unavailable on the current trial date of June 25, 2013, because it is being used by the Board of Parole Hearings." (Doc. 127 at 1).  Defendant also reports that Inmate Langstonsomehow no longer recalls the incident between Plaintiff and Defendant Castillo and that he does not wish to testify at trial. Id. at 2.  Thus, Defendant requests that the Court either require Langston's physical presence at trial or simply deny his presence at trial. Id.

Given Defendant's *multiple* attempts to oppose or otherwise modify the writ ad testificandum pertaining to Langston, the Court is unconvinced by Defendant's present motion. Quite frankly, the Court finds Defendant's continual attempts to thwart Langston's appearance at trial to be bizarre and inexplicable. Nonetheless, the Court possesses the authority to compel a witness to testify and Langston's unwillingness to testify at trial is not an impediment to his appearance as a witness.[1]

**ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's ex parte motion to amend the writ ad testificandum as to Inmate Langston is **GRANTED IN-PART** in that Inmate Langston SHALL be physically produced as a material witness at the trial in this matter set for June 25, 2013; and

2. **No further motions to amend the writ ad testificandum as to Inmate Langston will be considered**.

IT IS SO ORDERED.

Dated:   **June 17, 2013**            /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] If Inmate Langston reports at trial that he possesses no personal knowledge of the events, Defendant may renew his objection to the presentation of Inmate Langston as a witness.

3