UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HAWKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　Defendant. | Case No.: 1:09-cv-0771 – LJO - JLT<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR TRIAL TRANSCRIPTS AT THE GOVERNMENT'S EXPENSE<br><br>(Doc. 150) |

　　Plaintiff Leon Hawkins ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. A jury rendered a verdict IN THE defense's favor after a trial on this matter on June 27, 2013. (Doc. 144). Plaintiff filed his Notice of Appeal on July 1, 2013. (Doc. 146). On August 19, 2013, Plaintiff filed a second motion for a transcript of the trial proceedings, (Doc. 150), which the Court construes as a request for transcripts at the government's expense.

　　28 U.S.C. § 753(f) permits a litigant proceeding *in forma pauperis* to petition the Court for payment of his or her trial transcripts at the government's expense. *See also,* McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991) (subsequent procedural history omitted). 28 U.S.C. § 1915(c) grants the District Court the authority authorize payment for a trial transcript when necessary. However, 28 U.S.C.A. § 753(f) guides the District Court as to when authorization for payment of expenses is permissible. Specifically, the District Court must determine that the litigant's appeal is not frivolous but presents a substantial question in order to grant payment for the trial transcript. 28

1

U.S.C.A. § 753 (West).  "A substantial question exists where the issue before the court of appeals is reasonably debatable." Tuggles v. City of Antioch, C08-01914JCS, 2010 WL 3955784 (N.D. Cal. Oct. 8, 2010) (internal citations and quotations omitted).

In his notice of appeal, Plaintiff indicates that he appeals an "abuse of discretion." (Doc. 150 at 2).  Plaintiff omits any explanation for the basis of his appeal.  As such, the Court to find that Plaintiff's appeal fails to present any substantial question.

Furthermore, given the brevity of the jury trial, Plaintiff should possess first-hand knowledge of the errors allegedly committed.  Thus, Plaintiff's motion for a trial transcript at the government's expense is **DENIED.**[1]

**ORDER**

Accordingly, and for the foregoing reasons, the Court **HEREBY ORDERS** that Plaintiff's request for transcripts at the government's expense be **DENIED.**

IT IS SO ORDERED.

Dated:   **August 27, 2013**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff may renew his request for a transcript with the Ninth Circuit, should he so wish.  However, the Court notes that the Ninth Circuit will request any necessary documents needed directly from this Court.